IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MBNA AMERICA BANK, N.A., | : | No.  4:CV 06-2184 |
| | : | |
| Plaintiff/Counterclaim Defendant, | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| KATHY M. RUHL, | : | |
| | : | |
| Defendant/Counterclaim Plaintiff. | : | |

# MEMORANDUM

## March 29, 2007

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court is Plaintiff MBNA America Bank's Motion to Compel Arbitration, or, in the Alternative, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (doc. 2) filed on November 9, 2006.

For the following reasons, the Motion (doc. 2) will be granted in its entirety.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**:

Defendant Kathy M. Ruhl ("Defendant" or "Ruhl") was issued an open-end credit-card account by Plaintiff, MBNA American Bank, N.A. ("Plaintiff" or "MBNA").  The account was accompanied by a concomitant Credit Card

Agreement which included a binding arbitration provision.  The arbitration provision explicitly provided that all claims or disputes of the parties will be subject to binding arbitration before the National Arbitration Forum ("NAF") and each side will have an opportunity to present its case.  The arbitration provision also recites that since the agreement involved an instrumentality of interstate commerce, that the Federal Arbitration Act, 9 U.S.C. § 1-16 ("FAA"), governed the Agreement.

Subsequent to its issuance, the Defendant stopped making payments and defaulted on her account.  Defendant's last payment prior to default was made on February 17, 2006.  MBNA began collection efforts to recover the money owed to it on the account to no avail.  MBNA, through counsel, filed a Civil Complaint in the Court of Common Pleas of Union County, Pennsylvania, for repayment of this account in accordance with Pa.R.C.P. 1329.  On or about October 10, 2006, Ruhl filed an Answer to Plaintiff's Complaint with New Matter and Counterclaim.  The Counterclaim alleged that MBNA violated the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*  On November 7, 2006, MBNA filed a timely Notice of Removal (doc. 1), bringing this action before the Court, pursuant to 28 U.S.C. § 1441(c).

On November 9, 2006, the Plaintiff filed the instant Motion.  The Motion has been fully briefed by the parties and is therefore ripe for our review.

**DISCUSSION**:

Plaintiff moves the Court to stay the instant litigation and to compel the parties to arbitrate the dispute, as governed by the Arbitration Provision in the Credit Card Agreement.  The Defendant's *pro se* submission is somewhat of a *non sequiter*, in that she does not argue any reason why the matter should not be compelled into arbitration.  Defendant merely argues that the Court does not have subject matter jurisdiction over the case, informally moving the Court to remand the action to the Court of Common Pleas of Union County.

As a threshold matter, we note that jurisdiction is indeed proper before this Court pursuant to 28 U.S.C. § 1441(c).  That section provides, in pertinent part:

> Whenever a separate and independent claim or cause of action within the [federal question] jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .

28 U.S.C. § 1441(c).  Within Defendant's Answer and New Matter, she asserts that the Plaintiff violated the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, specifically alleging that MBNA failed to acknowledge an alleged billing dispute in violation of 15 U.S.C. § 1666.  This claim, which is premised on federal law, could have been brought as a civil action under 28 U.S.C. § 1331.  Therefore, the Plaintiff's removal of this action to federal court pursuant to 28 U.S.C. § 1441(c) is entirely appropriate.

As previously noted, the Arbitration Provision of the Credit Card Agreement between the parties requires the parties to submit all disputes between them to the NAF for disposition.  Section 2 of the FAA embodies the national policy favoring arbitration.  See 9 U.S.C. § 1-16; Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, (2006).  District Courts in our sister circuits have upheld the enforceability of the subject Arbitration Provision in suits filed against MBNA and have entered orders compelling arbitration of consumer's federal claims, such as the Fair Debt Collection Practices Act ("FDCPA"). See Feil v. MBNA America Bank, 417 F. Supp. 2d 1214 (D. Kan. 2006).

It is clear to the Court that where claims are asserted against MBNA, the Arbitration Provision specifically provides that the entire matter as to all parties must be submitted to binding arbitration.  Accordingly, we shall grant MBNA's Motion to Compel Arbitration.  Furthermore, because we find that the Arbitration Provision applies to *all* disputes between the parties, this fact will allow us to dispose of the Motion to Dismiss as well. We believe that Defendant's Truth in Lending Act claim is also properly the subject of the arbitration. However, if we are in error on that point no harm will be occasioned against Defendant, as our dismissal of her Truth in Lending Act claim is without prejudice.